IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN MARIE DIXON, | ) | CASE NO. 5:17 CV 2014 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Robin Marie Dixon under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed

---

[1] ECF No. 20. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 7.
[6] ECF No. 11.
[7] ECF No. 17 (Commissioner's brief); ECF Nos. 15, 18 (Dixon's briefs).

supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

**A.     Background facts and decision of the Administrative Law Judge ("ALJ")**

This is the second time this case is before me. I previously reversed and remanded this case back to the Social Security Administration for proper consideration and weighing of one of Dixon's treating physicians.[11]

Dixon, who was 50 years old at the time of the second administrative hearing,[12] has a high school education.[13] Her past relevant employment history includes work as an assembler/machine operator and a bottling line attendant.[14]

The ALJ, whose decision became the final decision of the Commissioner, found that Dixon had the following severe impairments: fibromyalgia; carpal tunnel syndrome; anxiety disorder; panic disorder; adjustment disorder; dysthymic disorder; and other specified personality disorder (paranoid, anti-social, and avoidant traits).[15]

---

[8] ECF No. 17, Attachment 1 (Commissioner's charts); ECF No. 16, Attachment 1 (Dixon's charts).
[9] ECF No. 16 (Dixon's fact sheet).
[10] ECF No. 22.
[11] ECF No. 10, Transcript ("Tr.") at 681.
[12] ECF No. 16 at 1.
[13] *Id.*
[14] *Id.* at 575.
[15] *Id.* at 563.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ found Dixon had the residual functional capacity ("RFC") to perform light work as defined in the regulations, with additional limitations.[16] The ALJ decided that this RFC precluded Dixon from performing her past relevant work as an assembler/machine operator and bottling line attendant.[17]

Based on testimony by the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Dixon could perform.[18] The ALJ, therefore, found Dixon not under a disability.[19]

**B.     Issues on judicial review**

Dixon asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Dixon presents the following issues for judicial review:

- Whether the ALJ failed to follow the remand order of this Court regarding the treating physician rule.

- Whether the ALJ erred in finding that Dixon was able to perform light work, and as a result, whether he failed to meet his burden at Step Five of the sequential evaluation.[20]

For the reasons that follow, I conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[16] *Id.* at 566.
[17] *Id.* at 575.
[18] *Id.*
[19] *Id.* at 576.
[20] ECF No. 15 at 1.

3

# Analysis

## A. Applicable legal principles

### 1. *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[21]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[22] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[23]

---

[21] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).
[22] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).
[23] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating physician rule and good reasons requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[24] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[25] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[26] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[27] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6).[28] The Court cautioned against collapsing these two distinct analyses into one.[29]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned applying the

---

[24] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[25] *Id.* at 375-76.
[26] *Id.* at 376.
[27] *Rogers*, 486 F.3d at 242.
[28] *Gayheart*, 710 F.3d at 376. The regulations for both disability insurance benefits and supplemental security income mirror each other and will be used interchangeably throughout this opinion.
[29] *Id.*

5

regulatory factors governing each analytical step.[30] Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[31] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[32] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both. An ALJ cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[33] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[34] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[35] "Put simply, . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[36]

---

[30] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[31] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).
[32] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[33] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).
[34] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[35] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).
[36] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

**B.     Application of standards**

In 2015, I reversed and remanded this case for further administrative proceedings because the ALJ failed to properly analyze and weigh the opinion of treating source Keith Reitz, M.D.[37]

The decision now under review addresses these errors, at least in form.[38] The ALJ recognized Dr. Reitz as a treating source, declined to give his opinion controlling weight, and assigned the opinion some weight.[39] The ALJ identified inconsistency with the objective medical evidence and with the treatment notes as the reason for giving Dr. Reitz's opinion only some weight.[40]

Dr. Reitz's opinion is dated 2012 for purposes of this application.[41] The record contains later source opinions by state agency reviewers, consulting examiners, and another treating source, Dr. Chionna Childs.[42] The ALJ gave the state agency reviewing sources' opinions considerable weight.[43] The consulting examiners' opinions received little to some weight.[44] Dr. Childs's opinion received some but not controlling weight.[45] For all of these opinions, the ALJ specifically articulated the reason for the weight assigned –

---

[37] Tr. at 696-97.
[38] *Id.* at 572.
[39] *Id.*
[40] *Id.*
[41] *Id.* at 541.
[42] *Id.* at 571, 573-74.
[43] *Id.* at 572.
[44] *Id.* at 573.
[45] *Id.* at 573-74.

7

broadly speaking, the extent to which the opinions comport with the ALJ's interpretation of the objective medical evidence.[46]

Basically, Dixon argues "cherry-picking" on the part of the ALJ; the ALJ ignored evidence favorable to Dixon and exaggerated evidence diminishing the degree of her impairments and limitations.[47] During oral argument, Dixon's counsel cited a recent unpublished Sixth Circuit opinion post-dating the briefing in this case, *Shields v. Commissioner of Social Security*,[48] in support of her argument. But the ALJ in *Shields* gave no weight to the treating physician's opinion and assigned little weight to the state agency consultants; as a result, the ALJ "adopted an RFC assessment" that no medical source recommended."[49] That is not the case here.

Furthermore, in *Shields* the ALJ failed to identify Shields's treating physician as a treating source and failed to consider the requisite regulatory factors for weighing medical source opinions.[50] In contrast, at this point, on round two, the ALJ conformed to the analytical template of *Wilson/Gayheart*. The ALJ stated reasons for the weight assigned to the medical source opinions in the records, and specifically identified records that he found inconsistent with those opinions.[51] Dixon may not like the ALJ's reasons, and clearly disagrees with them. But the substantial evidence standard acknowledges that the

---

[46] *Id.* at 571-73.
[47] ECF No. 15 at 22-23.
[48] 732 F. App'x 430 (6th Cir. 2018).
[49] *Id.* at 434-35, 439-40.
[50] *Id.* at 439-40.
[51] Tr. at 571-73.

8

evidence can go both ways, and if a reasonable person can conclude as the ALJ did, then the court must affirm the ALJ's decision. The ALJ acknowledged the conflicting evidence, weighed it, and resolved the inconsistencies, explaining his reasoning in the process. As the ALJ was within the "zone of choice," his decision is affirmed.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Dixon had no disability. Accordingly, the decision of the Commissioner denying Dixon disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.


Dated: October 17, 2018                                s/ William H. Baughman, Jr.
                                                       United States Magistrate Judge